[Cite as *State v. Garcia*, 2014-Ohio-1538.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
### GREENE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 2013-CA-51 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 2013-CR-199 |
| v. | : | |
| | : | |
| CORA GARCIA | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 11th day of April, 2014.

. . . . . . . . . . .

STEPHEN K. HALLER, Atty. Reg. #0009172, by NATHANIEL R. LUKEN, Atty. Reg. #0087864, Greene County Prosecutor's Office, 61 Greene Street, Xenia, Ohio 45385
        Attorneys for Plaintiff-Appellee

J. ALLEN WILMES, Atty. Reg. #0012093, 7821 North Dixie Drive, Dayton, Ohio 45414
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FAIN, J.

{¶ 1}    Defendant-appellant Cora Garcia appeals from her conviction and sentence for

one count of Possession of Cocaine and one count of Possession of Heroin, both felonies of the

fifth degree, in violation of R.C. 2929.11(A). Garcia contends that the trial court abused its discretion by imposing consecutive sentences on the two counts.

{¶ 2} We conclude that the consecutive sentences imposed are not contrary to law, that the findings the trial court made in support of its imposition of consecutive sentences are not clearly and convincingly unsupported by the record, and that the trial court did not abuse its discretion by imposing the consecutive sentences. Accordingly, the judgment of the trial court is Affirmed.

### I. Course of the Proceedings

{¶ 3} Garcia was indicted on one count of Possession of Heroin, a felony of the fifth degree, in violation of R.C. 2925.11(A), and one count of Possession of Cocaine, a felony of the fifth degree, in violation of R.C. 2925.11(A), concerning criminal activity that occurred in January 2013.

{¶ 4} Garcia entered into a plea agreement. In exchange for pleas of guilty, the State recommended community control sanctions, with drug treatment. The trial court entered convictions on both counts and sentenced Garcia to twelve months in prison for Possession of Heroin and eight months in prison for Possession of Cocaine. The trial court ordered the sentences to be served consecutively, for a total prison sentence of twenty months. Garcia appeals from the sentence.

### II. The Trial Court's Imposition of Consecutive Sentences
### Is Neither Contrary to Law Nor an Abuse of Discretion

{¶ 5}    Garcia's sole assignment of error states:

THE TRIAL COURT ABUSED ITS DISCRETION BY IMPOSING CONSECUTIVE SENTENCES FOR A LOW-LEVEL FELONY WHEREIN BOTH COUNTS WERE VICTIMLESS DRUG POSSESSION CASES FROM THE SAME SYRINGE.

{¶ 6}    R.C. 2929.14(C)(4) requires a trial court to make three distinct findings when imposing consecutive sentences. The trial court must first find the sentence is "necessary to protect the public from future crime or to punish the offender."  Next, the trial court must find that consecutive sentences are "not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public."  *Id.*  Finally, the trial court must find the existence of one of the three statutory factors set forth in R.C. 2929.14(C)(4)(a)-(c). The failure to make these findings is contrary to law. *State v. Venes*, 2013-Ohio-1891, 992 N.E.2d 453, ¶ 12 (8th Dist.).

{¶ 7}    In the case before us, the trial court made the findings required by R.C. 2929.14(C)(4) for consecutive sentences:

The Court has decided that the defendant shall serve the prison terms consecutively, pursuant to § 2929.14(C)(4), because the Court finds that the consecutive service is necessary to protect the public against future crime and to punish the offender and consecutive sentences are not disproportionate to [the] seriousness of defendant's conduct and to the danger the defendant poses to the public – and I might add to herself as well – and the Court also finds the following:

The defendant's history of criminal conduct demonstrates that consecutive

sentences are necessary to protect the public from future crime by the defendant. The Defendant's estimated ORAS CST score places her in the high risk to recidivate. She has previously been in prison for a felonious assault conviction through Brown County Common Pleas Court. While incarcerated she admitted to as [sic] least having three rule infractions applied against her. She is currently involved in a dual diagnosis program; however continues to abuse drugs. The defendant's continued use of drugs is a serious danger to herself and the public. Tr. 32-33.

{¶ 8} The findings the trial court made include the findings required by R.C. 2929.14(C)(4), including specifically the finding set forth in sub-division (c). We do not "clearly and convincingly" find either that the record does not support the trial court's findings under R.C. 2929.14(C)(4), or that the sentence is otherwise contrary to law. R.C. 2953.08(G)(2). *See State v. Rodeffer*, 2d Dist. Montgomery Nos. 25574, 25575, 25576, 2013-Ohio-5759.

{¶ 9} Garcia contends that the trial court abused its discretion by imposing consecutive sentences, because the record does not support the findings necessary to impose such sentences. In responding to this argument, the State also employs an abuse-of-discretion analysis. It is questionable whether the abuse-of-discretion standard of appellate review applies to an appeal based upon a contention that the findings made by the trial court in support of a consecutive sentence are not supported in the record.[1] *See* R.C. 2953.08(G)(2), which, with reference to an

---

[1] Whether appeals from sentences, generally, are subject to an abuse-of-discretion standard of review appears to be a question that has not been definitively resolved by this court. *See Rodeffer*, including Judge Froelich's dissent; *State v. Polhamus*, 2d Dist. Miami No. 2013-CA-3, 2014-Ohio-145, ¶46, fn.8 (Donovan, J., dissenting in part); and *State v. Fahl*, 2d Dist. Clark No. 2013-CA-5, 2014-Ohio-328, ¶ 22.

appeal of this kind, specifically provides: "The appellate court's standard for review is not whether the sentencing court abused its discretion." Assuming, without deciding, that we do have authority to reverse a consecutive sentence if we find it to constitute an abuse of discretion, we conclude that the sentence imposed in the case before us does not constitute an abuse of discretion.

{¶ 10} The term "abuse of discretion" has been defined as a decision that is unreasonable, arbitrary, or unconscionable. *Huffman v. Hair Surgeon, Inc.*, 19 Ohio St.3d 83, 87, 482 N.E.2d 1248 (1985). The pre-sentence investigation report supports the imposition of consecutive sentences. As the trial court noted, Garcia continued to abuse drugs during the pendency of her case. Furthermore, her criminal record and likelihood of recidivism supported the trial court's findings pursuant to R.C. 2929.14(C). Therefore, we conclude the trial court did not abuse its discretion in imposing consecutive sentences.

{¶ 11} Finally, Garcia contends that "a mere recitation of the language of the 'purposes and principles of sentencing' is not sufficient to satisfy the tenets of the sentencing statutes." Brief, p. 6. As we have previously stated, "[t]he trial court is not required to give reasons explaining these findings, nor is the court required to recite any 'magic' or 'talismanic' words when imposing consecutive sentences. * * * Nevertheless, the record must reflect that the court made the findings required by the statute." *State v. Temple*, 2d Dist. Clark No. 2012-CA-65, 2013-Ohio-3843, ¶ 21, quoting *State v. Hubbard*, 10th Dist. Franklin No. 11AP-945, 2013-Ohio-2735, ¶ 86. The trial court made the necessary findings pursuant to R.C. 2929.14(C) and the record supports those findings.

{¶ 12} Garcia's sole assignment of error is overruled.

### III. Conclusion

{¶ 13}   Garcia's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . . .

DONOVAN and HALL, JJ., concur.


Copies mailed to:

Stephen K. Haller
Nathaniel R. Luken
J. Allen Wilmes
Hon. Michael A. Buckwalter