[Cite as *State v. Johnson*, 2014-Ohio-2308.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
### CLARK   COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 2013-CA-85 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 13-CR-472 |
| v. | : | |
| | : | |
| WILLIAM JOHNSON | : | (Criminal Appeal from |
| | : |  Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 30th day of May, 2014.

. . . . . . . . . . .

LISA M. FANNIN, Atty. Reg. #0082337, Clark County Prosecutor's Office, 50 East Columbia Street, 4th Floor, Springfield, Ohio 45501
        Attorney for Plaintiff-Appellee

ROBERT ALAN BRENNER, Atty. Reg. #0067714, Robert Alan Brenner, LLC, 120 West Second Street, Suite 706, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FAIN, J.

{¶ 1}    Defendant-appellant William Johnson appeals from his conviction and sentence

for Burglary, in violation of R.C. 2911.12(A)(3). Johnson contends that the maximum, 36-month sentence imposed by the trial court is an abuse of discretion and is clearly and convincingly unsupported by the record or contrary to law.

{¶ 2} We conclude that the trial court's sentence is not an abuse of discretion and is not clearly and convincingly unsupported by the record or contrary to law. Accordingly, the judgment of the trial court is Affirmed.

### I. Johnson Is Found Guilty of One Count of Burglary and the Trial Court Imposes a Maximum Sentence of Three Years in Prison

{¶ 3} In May 2013, a Clark County Grand Jury indicted William Johnson on one count of Burglary in violation of R.C. 2911.12(A)(2), a felony of the second degree; and one count of Burglary in violation of R.C. 2911.12(A)(3), a felony of the third degree. Johnson entered into a plea agreement with the State. In exchange for a dismissal of the second-degree felony count, Johnson agreed to plead guilty to the third-degree felony count.

{¶ 4} The trial court found Johnson guilty of Burglary in violation of R.C. 2911.12(A)(3), and imposed the maximum sentence of three years in prison. From this judgment of conviction and sentence, Johnson appeals.

### II. Johnson's Sentence Is Neither an Abuse of Discretion, Unsupported by the Record, nor Contrary to Law

{¶ 5} Johnson's sole assignment of error states:

THE TRIAL COURT ERRED IN SENTENCING THE DEFENDANT.

{¶ 6}　Johnson was convicted of a felony of the third degree. According to R.C. 2929.14(A)(3)(b), for a felony of the third degree, "the prison term shall be nine, twelve, eighteen, twenty-four, thirty, or thirty-six months." The trial court sentenced Johnson to thirty-six months, which is within the statutory range.

{¶ 7}　Johnson contends that the trial court abused its discretion by imposing a maximum sentence for Johnson's Burglary conviction. Johnson also contends that his sentence is clearly and convincingly unsupported by the record or contrary to law, because: (1) he expressed remorse for his crime; (2) he had no felony convictions prior to this case; and (3) he had no convictions at all in the past ten years. Brief, p. 2.

{¶ 8}　"The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences. * * * However, the trial court must comply with all applicable rules and statutes, including R.C. 2929.11 and R.C. 2929.12." (Citations omitted) *State v. King*, 2013-Ohio-2021, 992 N.E.2d 491, ¶ 45 (2d. Dist.).

{¶ 9}　At the sentencing hearing, the trial court noted Johnson's extensive criminal history of ten prior, theft-related offenses. While Johnson notes that all of these thefts occurred more than ten years ago, this does not mandate a reversal of the sentence imposed. The trial court stated that it had considered the record, Johnson's statement, the principles and purposes of sentencing, and had balanced the seriousness and recidivism factors. The trial court, having heard Johnson's expression of remorse, was in a better position than we are to gauge its sincerity. Based on our review of the record, we conclude that while Johnson's sentence constituted a maximum sentence, it is neither clearly and convincingly unsupported by the record, an abuse of

discretion, nor contrary to law.[1]

{¶ 10}   Johnson's sole assignment of error is overruled.

### III. Conclusion

{¶ 11}   Johnson's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . . .

DONOVAN and HALL, JJ., concur.

Copies mailed to:

Lisa M. Fannin
Robert Alan Brenner
Hon. Douglas M. Rastatter

---

[1] In *State v. Rodeffer*, 2013-Ohio-5759, 5 N.E.3d 1069 (2d Dist.), we held that we would no longer use an abuse-of-discretion standard in reviewing a sentence in a criminal case, but would apply the standard of review set forth in R.C. 2953.08(G)(2).   Since then, opinions from this court have expressed reservations from some judges of this court whether that decision in *Rodeffer* is correct.   *See, e.g., State v. Garcia*, 2d Dist. Greene No. 2013-CA-51, 2014-Ohio-1538, ¶ 9, fn.1.   In the case before us, we find no error in the sentence imposed under either standard of review.