[Cite as *State v. Ward*, 2014-Ohio-3266.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

STATE OF OHIO

     Plaintiff-Appellee

v.

JAMAL WARD

     Defendant-Appellant


Appellate Case No.    25868

Trial Court Case No.   2013-CR-1284


(Criminal Appeal from
 Common Pleas Court)

. . . . . . . . . . .

O P I N I O N

Rendered on the 25th day of July, 2014.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by TIFFANY ALLEN, Atty. Reg. No. 0089369, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
     Attorney for Plaintiff-Appellee

DANIEL E. BRINKMAN, Atty. Reg. No. 0025365, 2000 Liberty Tower, 120 West Second Street, Dayton, Ohio 45402
     Attorney for Defendant-Appellant

JAMAL WARD, Inmate No. 687-621, Chillicothe Correctional Institution, P.O. Box 7010, Chillicothe, Ohio 45601
     Defendant-Appellant

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1}    Upon the filing of an *Anders* brief in this case, we are asked to decide whether the record indicates any potential assignments of error having arguable merit.

{¶ 2}    On March 21, 2014, appellate counsel for Appellant, Jamal Ward, filed a brief under the authority of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), indicating that he could not find a potential assignment of error having arguable merit, but stating one potential assignment of error.   On March 28, 2014, Ward was granted 60 days to file a pro se brief assigning any errors for review by this court.   Ward did not file a brief. After reviewing the record, we find no potential assignment of error having arguable merit.   Accordingly, the judgment of the trial court is affirmed.

{¶ 3}    In May 2013, Ward was indicted on one count of felonious assault (serious harm) in violation of R.C. 2903.11(A)(1), a felony of the second degree.   Due to Ward's prior criminal record, any prison sentence was required to be mandatory time, and the possible prison sentences ranged from two to eight years. The felonious assault was also committed during a term of post release control from a prior felony offense, for which Ward had 1,192 days of post release control remaining.   Ward was represented at all pertinent times by legal counsel.

{¶ 4}    On July 8, 2013, Ward entered a plea of no contest and was found guilty. Following the plea, the trial court ordered a pre-sentence investigation.   Subsequently, on August 1, 2014, the trial court sentenced Ward to a prison term of seven years of mandatory time. However, the court determined to not sentence Ward to a possible consecutive sentence of 1,192 days resulting from the felonious assault having been committed during post release control on a

prior felony conviction.

{¶ 5}    Ward's counsel has raised one potential assignment of error, that:

THE TRIAL COURT ABUSED ITS DISCRETION IN SENTENCING

DEFENDANT TO SEVEN YEARS.

{¶ 6}    As a preliminary matter, we note that the seven year prison sentence was within the statutory range of a maximum of eight years for a second degree felony.   R.C. 2929.14(A)(2).  Furthermore, because Ward had prior first degree felony convictions, the trial court was required to sentence Ward to mandatory time, pursuant to R.C. 2929.13(F)(6).

{¶ 7}    At the time of sentencing, the trial court stated that it had considered Ward's extensive criminal history and the violent acts underlying this conviction.   The court found that Ward posed a great risk of committing future acts of violence.   The court further stated that it had considered the purposes and principles of sentencing and the seriousness and recidivism factors under R.C. 2929.11 and 2929.12.

{¶ 8}    In *State v. Byrd*, 2d Dist. Montgomery No. 25842, 2014-Ohio-2553, ¶44, we stated that:

"In *State v. Rodefer,* 2013-Ohio-5759, 5 N.E.3d 1069 (2d Dist.)**,** we held that we

would no longer use an abuse-of-discretion standard in reviewing a sentence in a

criminal case, but would apply the standard of review set forth in R.C.

2953.08(G)(2)**.**   Since then, opinions from this court have expressed reservations

from some judges of this court whether that decision in *Rodeffer* is correct.   *See,*

*e.g., State v. Garcia,* 2d Dist. Greene No.2013-CA-51, 2014-Ohio-1538, ¶ 9,

fn.1**.**"   *State v. Johnson,* 2d Dist. Clark No. 2013-CA-85, 2014-Ohio-2308, ¶ 9,

fn. 1.   In the case before us, we find no error in the sentence imposed under either standard of review.

Likewise, for the reasons stated above, we find no error in the court's sentencing of Ward under either standard of review.

{¶ 9}   Under *Anders v. California*, we have an independent duty to review the record to determine if there are any potential assignments of error having arguable merit.   We have reviewed the entire record including the transcripts of the plea hearing and sentencing, and our review fails to disclose any potential assignments of error having arguable merit.   Accordingly, the judgment of the trial court is Affirmed.

. . . . . . . . . . . . .

FROELICH, P.J., and HALL, J., concur.

Copies mailed to:

Mathias H. Heck
Tiffany Allen
Daniel E. Brinkman
Jamal Ward
Hon. Dennis J. Langer