[Cite as *State v. Bittner*, 2014-Ohio-3433.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

STATE OF OHIO

         Plaintiff-Appellee

v.

BONNIE BITTNER

         Defendant-Appellant

Appellate Case No.    2013-CA-116

Trial Court Case No.   2013-CR-605

(Criminal Appeal from
 Common Pleas Court)

. . . . . . . . . . .

O P I N I O N

Rendered on the 8th day of August, 2014.

. . . . . . . . . . .

RYAN A. SAUNDERS, Assistant Clark County Prosecuting Attorney, Atty. Reg. No. 0091678, 50
East Columbia Street, Fourth Floor, Springfield, Ohio 45502
         Attorney for Plaintiff-Appellee

HILARY LERMAN, Atty. Reg. No. 0029975, 249 Wyoming Street, Dayton, Ohio 45409
         Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, J.

{¶ 1}   Defendant-appellant, Bonnie Bittner, appeals from her prison sentence  received in the Clark County Court of Common Pleas following her guilty plea to two counts of forgery. For the reasons outlined below, the judgment of the trial court will be affirmed.

**Facts and Course of Proceedings**

{¶ 2}   On September 3, 2013, Bittner was indicted on five counts of forgery in violation of R.C. 2913.31(A)(3), all felonies of the fifth degree.   The charges arose from Bittner passing multiple counterfeit checks on July 11, 15, and 17, 2013, in Clark County, Ohio.   On November 7, 2013, Bittner pled guilty to two of the forgery counts[1] and the remaining three counts were dismissed by the State pursuant to a plea agreement.   As part of the plea agreement, Bittner agreed to pay restitution in the amount of $7,566.53.

{¶ 3}   At Bittner's sentencing hearing, the trial court reviewed her criminal record and noted that she had prior convictions for grand theft, involuntary manslaughter, theft, tampering with records, and aggravated arson.   The court further noted that Bittner received consecutive prison sentences for those offenses, which amounted to a ten-and-one-half-year prison term. Additionally, the trial court indicated that at the time of her forgery offenses, Bittner was on post-release control, as she was under the supervision of the Adult Parole Authority and had 14 months remaining in the program.   While Bittner apologized for her behavior and said that she was ready to accept the consequences for her actions, the trial court noted that it was unclear

---

[1] The forgery counts Bittner pled guilty to stem from her passing two counterfeit checks at two separate branches of Home City Federal Savings Bank on July 15, 2013.    The amount of each counterfeit check was $1,559.34.    Bittner claimed that drug dealers gave her the counterfeit checks and that she would cash the checks and give the cash to the dealers in exchange for drugs.

whether Bittner's remorse was genuine. The trial court also indicated that the victims of her crimes suffered serious economic harm and that her risk of recidivism was moderate based on the Ohio Risk Assessment System.

{¶ 4}    On November 27, 2013, after considering the foregoing factors, the purposes and principles of felony sentencing in R.C. 2929.11, and the sentencing factors in R.C. 2929.12, the trial court sentenced Bittner to 11 months in prison for each forgery count, and ordered the sentences to run consecutively for a total of 22 months in prison. The trial court also ordered Bittner to pay restitution in the amount of $7,566.53, plus a five percent handling fee, and court costs.

{¶ 5}    Bittner now appeals from the trial court's imposition of consecutive sentences, raising one assignment of error for review.


**Assignment of Error**

{¶ 6}    Bittner's sole assignment of error is as follows:

THE COURT SENTENCED APPELLANT TO CONSECUTIVE SENTENCES

WITHOUT ADEQUATELY FOLLOWING R.C. 2929.14(C)(4).

{¶ 7}    Under her sole assignment of error, Bittner argues that the trial court erred in imposing consecutive sentences without making the required findings under R.C. 2929.14(C)(4). In addition, she argues that the record fails to support the required findings. We disagree.

{¶ 8}    As a preliminary matter, we note that R.C. 2953.08(G)(2) is the appellate standard of review for all felony sentences, including consecutive sentences. *State v. Rodeffer*, 2013-Ohio-5759, 5 N.E.3d 1069, ¶ 29 (2d Dist.); *State v. Mooty*, 2014-Ohio-733, 9 N.E.3d 443, ¶

68 (2d Dist.).   The statute states, in pertinent part, that:

> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing.   The appellate court's standard for review is not whether the sentencing court abused its discretion.   The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a)      That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b)      That the sentence is otherwise contrary to law.

R.C. 2953.08(G)(2).

**{¶ 9}**      We also observed in *Rodeffer* that:

> "the clear and convincing standard used by R.C. 2953.08(G)(2) is written in the negative. It does not say that the trial judge must have clear and convincing evidence to support its findings.   Instead, it is the court of appeals that must clearly and convincingly find that the record does not support the court's findings." * * * "In other words, the restriction is on the appellate court, not the trial judge.   This is an extremely deferential standard of review."

*Rodeffer* at ¶ 31, quoting *State v. Venes*, 2013-Ohio-1891, 992 N.E.2d 453, ¶ 21 (8th Dist.).

**{¶ 10}**   As noted earlier, Bittner argues that the trial court erred in imposing consecutive

sentences. Pursuant to R.C. 2929.14(C)(4), a sentencing court must make certain findings before imposing consecutive sentences. Specifically, a trial court may impose consecutive sentences if it determines that: (1) consecutive service is necessary to protect the public from future crime or to punish the offender; (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) one or more of the following three findings are satisfied:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4)(a)-(c).

{¶ 11} "[A] trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *State v. Bonnell*, Slip Opinion No.

2014-Ohio-3177, syllabus.

{¶ 12} In this case, the trial court considered various factors before imposing consecutive sentences. Specifically, the court considered Bittner's prior criminal history, that she was on post-release control at the time of her forgery offenses, and that the victims of her forgery offenses suffered serious economic harm. The court also questioned the sincerity of Bittner's remorse and noted that she exhibited a moderate risk of recidivism based on the Ohio Risk Assessment System. After considering these factors, the trial court made the following consecutive-sentence findings at Bittner's sentencing hearing:

> The Court finds that consecutive sentences are necessary to protect the public from future crime and to punish the offender. Consecutive sentences are not disproportionate to the seriousness of the Defendant's conduct and to the danger the offender poses to the public. Further find [sic] the Defendant committed the offenses while under the supervision of the Adult Parole Authority and her criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime by the Defendant.

Disposition Trans. (Nov. 27, 2013), p. 7-8.

{¶ 13} The trial court incorporated the foregoing findings in its sentencing entry, which stated the following:

> The Court has decided that the offender shall serve the prison terms consecutively, pursuant to R.C. 2929.14(C)(4), because the court finds that consecutive service is necessary to protect the public from future crime and to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the

offender's conduct and to the danger the offender poses to the public, and the Court also finds that the defendant committed one of the offenses while under the supervision of the   adult parole authority, and that the defendant's criminal history demonstrates the consecutive sentences are necessary to protect the public from future crime by the defendant.

Judgment Entry of Conviction (Nov. 27, 2013), Clark County Court of Common Pleas Case No. 13-CR-0605, Docket No. 8, p. 3.

{¶ 14}   The trial court's language at the sentencing hearing and in its sentencing entry establishes that it made all the required consecutive-sentence findings under R.C. 2929.14(C)(4). In addition to making the initial findings that: (1) consecutive service is necessary to protect the public from future crime or to punish the offender; and (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; the trial court also made findings under subdivisions (a) and (c) of the statute, which concern Bittner being on post-release control at the time of the offense and having a history of criminal conduct.   This satisfies the requirement that the trial court make one of the three findings set forth in R.C. 2929.14(C)(4)(a) through (c).

{¶ 15}   We do not clearly and convincingly find that the record does not support the trial court's consecutive-sentence findings.   Furthermore, we do not clearly and convincingly find that Bittner's sentence is otherwise contrary to law.   "[A] sentence is not contrary to law when the trial court imposes a sentence within the statutory range, after expressly stating that it had considered the purposes and principles of sentencing set forth in R.C. 2929.11, as well as the factors in R.C. 2929.12."   *Rodeffer*, 2013-Ohio-5759, 5 N.E.3d 1069 at ¶ 32, citing *State v.*

*Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 18. Here, Bittner's two 11-month prison sentences for forgery are within the prescribed statutory range for felonies of the fifth degree. *See* R.C. 2929.14(A)(5). The trial court also expressly stated at the sentencing hearing and in its sentencing entry that it had considered the purposes and principles of sentencing set forth in R.C. 2929.11 and the sentencing factors in R.C. 2929.12.

{¶ 16} For the foregoing reasons, the trial court did not err in imposing consecutive prison sentences, as the court made all the required findings under R.C. 2929.14(C)(4) at the sentencing hearing and in its sentencing entry, and the findings are not clearly and convincingly unsupported by the record. In addition, Bittner's sentence is not otherwise contrary to law.

{¶ 17} Bittner's sole assignment of error is overruled.

**Conclusion**

{¶ 18} Having overruled Bittner's sole assignment of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

HALL, J., concurs.

DONOVAN, J., concurring:

{¶ 19} In *Rodeffer*, cited in the majority opinion, we held that we would no longer use an abuse-of-discretion standard in reviewing a sentence in a criminal case, but would apply the standard of review set forth in R.C. 2953.08(G)(2). Since then, opinions from this court have expressed reservations from some judges of this court whether that decision in *Rodeffer* is

correct.  *See, e.g. State v. Garcia*, 2d Dist. Greene No. 2013-CA-51, 2014-Ohio-1538, ¶ 9, fn. 1; *State v. Dover,* 2d Dist. Clark No. 2013-CA-58, 2014-Ohio-2303, ¶ 21; *State v. Johnson*, 2d Dist. Clark No. 2013-CA-85, 2014-Ohio-2308, ¶ 9, fn.1; *State v. Byrd*, 2d Dist. Montgomery No. 25842, 2014-Ohio-2553, ¶ 9; *State v. Collins*, 2d Dist. Montgomery No. 25874, 2014-Ohio-2443, ¶ 21, fn. 1.

{¶ 20}  In the case before us, I find no error in the sentence imposed.  Bittner's sentence is neither clearly and convincingly unsupported by the record, an abuse of discretion, nor contrary to law.   Accordingly, I would affirm.

. . . . . . . . . .

Copies mailed to:

Ryan A. Saunders
Hilary Lerman
Hon. Richard J. O'Neill