[Cite as *State v. Southers*, 2014-Ohio-5167.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

STATE OF OHIO

      Plaintiff-Appellee

v.

JULIUS SOUTHERS

      Defendant-Appellant


Appellate Case No.    2013-CA-117

Trial Court Case No.   2013-CR-97


(Criminal Appeal from
 Common Pleas Court)

. . . . . . . . . . .

O P I N I O N

Rendered on the 21st day of November, 2014.

. . . . . . . . . . .

RYAN A. SAUNDERS, Atty. Reg. No. 0091678, Clark County Prosecuting Attorney, 50 East Columbia Street, Fourth Floor, Springfield, Ohio 45502
      Attorney for Plaintiff-Appellee

JOSHUA S. CARTER, Atty. Reg. No. 0084925, 294 River Street, Billerica, MA 01821
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, J.

{¶ 1}     Defendant-appellant, Julius Southers, appeals from the eight-year prison sentence he received in the Clark County Court of Common Pleas following his guilty plea to four counts of burglary. For the reasons outlined below, we will affirm the prison sentence imposed by the trial court.

{¶ 2}     On February 11, 2013, the Clark County grand jury returned a twelve-count indictment against Southers, which included four counts of burglary in violation of 2911.12(A)(3), all felonies of the third degree. The burglary charges stemmed from Southers entering four Clark County residences without permission in November 2012, wherein he stole various household items and personal effects.

{¶ 3}     Pursuant to a plea agreement, on August 28, 2013, Southers pled guilty to the four counts of burglary in exchange for the State dismissing the remaining eight charges in the indictment. After entering his guilty plea, the trial court sentenced Southers to two years in prison for each of his four burglary convictions and ordered the sentences to be served consecutively for an aggregate term of eight years in prison.

{¶ 4}     Southers now appeals from his eight-year prison sentence, raising one assignment of error for review. His sole assignment of error is as follows:

> BECAUSE THE TRIAL COURT FAILED TO MAKE THE REQUISITE FACT
> FINDING PURSUANT TO R.C. 2929.14 AND, SPECIFICALLY, DID NOT
> IDENTIFY FACTORS MAKING THE APPELLANT'S CONDUCT "MORE
> SERIOUS," THE TRIAL COURT ABUSED ITS DISCRETION IN IMPOSING
> CONSECUTIVE SENTENCES.

{¶ 5} Under his single assignment of error, Southers contends the trial court erred in imposing consecutive sentences without making the required findings under R.C. 2929.14(C)(4). Southers alleges the trial court's findings are insufficient because the court simply recited the language in R.C. 2929.14(C)(4) without providing any explanation or reasoning to support its findings. Specifically, Southers claims the trial court failed to explain why consecutive sentences are not disproportionate to the seriousness of his criminal conduct and why consecutive sentences would protect the public from his potential future crimes.

{¶ 6} As a preliminary matter, we note that the appellate standard of review for felony sentences, including consecutive sentences, is set forth in R.C. 2953.08(G)(2). *State v. Rodeffer*, 2013-Ohio-5759, 5 N.E.3d 1069, ¶ 29 (2d Dist.); *State v. Mooty*, 2014-Ohio-733, 9 N.E.3d 443, ¶ 68 (2d Dist.). This statute states, in pertinent part, that:

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

R.C. 2953.08(G)(2).

{¶ 7}   " '[T]he clear and convincing standard used by R.C. 2953.08(G)(2) is written in the negative.   It does not say that the trial judge must have clear and convincing evidence to support its findings.   Instead, it is the court of appeals that must clearly and convincingly find that the record does not support the court's findings.' "   *Rodeffer* at ¶ 31, quoting *State v. Venes*, 2013-Ohio-1891, 992 N.E.2d 453, ¶ 21 (8th Dist.).   " 'In other words, the restriction is on the appellate court, not the trial judge. This is an extremely deferential standard of review.' "   *Id*.

{¶ 8}   As previously noted, Southers challenges the trial court's imposition of consecutive sentences under R.C. 2929.14(C)(4).   Pursuant to R.C. 2929.14(C)(4), a sentencing court may impose consecutive sentences if it finds that: (1) consecutive service is necessary to protect the public from future crime or to punish the offender; (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) one or more of the following three findings are satisfied:

(a)   The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b)   At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4)(a)-(c).

{¶ 9} " '[A] trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings.' " *State v. Bittner*, 2d Dist. Clark No. 2013-CA-116, 2014-Ohio-3433, ¶ 11, quoting *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37.

{¶ 10} In this case, the trial court stated the following at the sentencing hearing after it sentenced Southers to two years in prison on each of his four burglary convictions:

The Court finds under 2929.14 that consecutive sentences are necessary to protect the public from future crimes, to punish the offender, and they are not disproportionate to the seriousness of the offender's conduct and the danger it poses to the public.

The Court also finds the Defendant committed these under the supervision of the Probation Department in Miami County and that his criminal history indicates consecutive sentences[s] are necessary to protect the public from future crime by this Defendant. So it's the order that Counts Two, Five, Seven, and Eight be served consecutive to each other.

Disposition Trans. (Sept. 19, 2013), p. 16.

{¶ 11} The trial court incorporated the foregoing consecutive-sentence findings in its sentencing entry. *See* Judgment Entry of Conviction (Sept. 24, 2013), Clark County Common

Pleas Court Case No. 2013-CR-0097, Docket No. 18, p. 3-4.   Therefore, contrary to Southers's claim otherwise, we find the trial court made all the necessary consecutive-sentence findings under R.C. 2929.14(C)(4) at the sentencing hearing and in its sentencing entry.

{¶ 12}   Furthermore, we do not clearly and convincingly find that the record does not support the consecutive-sentence findings.   The record, which includes Southers's presentence investigation report, indicates that he had a prior criminal history, including a 2011 conviction for a sexual offense in Virginia, and two convictions in 2012 for unauthorized use of property in Miami County, Ohio.   Southers was placed on probation in October 2012, as a result of the Miami County convictions and was still on probation when he committed the burglary offenses at issue here.   At the time he was sentenced in this case, Southers also had charges pending in the Miami County Municipal Court for criminal damaging, possession of drugs, unauthorized use of property, and obstruction of official business.   He also had charges pending in the Franklin County Municipal Court for three counts of theft, as well as one charge of theft pending in the Springfield Municipal Court.

{¶ 13}   The record also reveals that Southers's conduct caused both financial and emotional harm to the victims he burglarized.   Many of the victims now feel insecure in their homes and lost irreplaceable personal effects, including an engagement ring of a deceased spouse and military memorabilia received while serving in Word War II.   The record also indicates that most of the victims did not have sufficient insurance to pay for the stolen items and damage to their homes.   Some of the victims have also spent money attempting to recover items from pawn shops, installing home alarm systems, and purchasing firearms for protection.

In addition, the record indicates Southers had not responded favorably to the sanctions

previously imposed for his prior convictions and that he scored moderate on the Ohio Risk Assessment Survey. The trial court also indicated that Southers displayed no genuine remorse for his offenses. In light of the foregoing, the trial court's consecutive-sentence findings are not clearly and convincingly unsupported by the record.

{¶ 14} In continuing the review of Southers's sentence under R.C. 2953.08(G)(2), we do not clearly and convincingly find that his sentence is otherwise contrary to law. "[A] sentence is not contrary to law when the trial court imposes a sentence within the statutory range, after expressly stating that it had considered the purposes and principles of sentencing set forth in R.C. 2929.11, as well as the factors in R.C. 2929.12." *Rodeffer*, 2013-Ohio-5759, 5 N.E.3d 1069 at ¶ 32, citing *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 18.

{¶ 15} Here, Southers's two-year prison sentence for each of his burglary offenses is within the prescribed statutory range for felonies of the third degree. *See* R.C. 2929.14(A)(3). In addition, the trial court expressly stated in its sentencing entry and at the sentencing hearing that it had considered the purposes and principles of sentencing set forth in R.C. 2929.11 and the sentencing factors in R.C. 2929.12. Accordingly, we have no basis to conclude that Southers's sentence is otherwise contrary to law.

{¶ 16} We reiterate that we have reviewed Southers's sentence under the standard of review set forth in *Rodeffer*, 2013-Ohio-5759, 5 N.E.3d 1069. In *Rodeffer*, we held that we would no longer use an abuse-of-discretion standard in reviewing a sentence in a criminal case, but would apply the standard of review set forth in R.C. 2953.08(G)(2). Since then, opinions from this court have expressed reservations as to whether our decision in *Rodeffer* is correct. *See, e.g., State v. Garcia*, 2d Dist. Greene No. 2013-CA-51, 2014-Ohio-1538, ¶ 9, fn.1; *State v.*

*Johnson*, 2d Dist. Clark No. 2013-CA-85, 2014-Ohio-2308, ¶ 9, fn. 1. Regardless, in the case before us, we find no error in the sentence imposed under either standard of review.

{¶ 17}   Southers's sole assignment of error is overruled and the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

FROELICH, P.J. and DONOVAN, J., concur.

Copies mailed to:

Ryan A. Saunders
Joshua S. Carter
Hon. Richard J. O'Neill