[Cite as *State v. Weckel*, 2016-Ohio-5654.]

### IN THE COURT OF APPEALS OF OHIO
### SECOND APPELLATE DISTRICT
### GREENE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 2015-CA-64 |
| | : | |
| v. | : | Trial Court Case No. 2014-CR-665 |
| | : | |
| PAUL D. WECKEL | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| *Defendant-Appellant* | : | |
| | : | |

. . . . . . . . . . .

### O P I N I O N

Rendered on the 2nd day of September, 2016.

. . . . . . . . . . .

ELIZABETH ELLIS, Atty. Reg. No. 0074332, Assistant Greene County Prosecuting Attorney, 55 Greene Street, Xenia, Ohio 45385
      Attorney for Plaintiff-Appellee

J. ALLEN WILMES, Atty. Reg. No. 0012093, 7821 North Dixie Drive, Dayton, Ohio 45414
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-appellant, Paul D. Weckel, appeals from the sentence he received in the Greene County Court of Common Pleas after pleading guilty to two counts of gross sexual imposition of a person less than 13 years of age. Specifically, Weckel contends that the record does not support the trial court's imposition of consecutive, near-maximum prison sentences. For the reasons outlined below, the judgment of the trial court will be affirmed.

{¶ 2} On November 26, 2014, Weckel entered a plea agreement and pled guilty to two counts of gross sexual imposition of a person less than 13 years of age in violation of R.C. 2907.05(A)(4), felonies of the third degree. The charges arose after Weckel admitted to an investigating detective that he had on two separate occasions touched his five-year-old granddaughter's vagina without underwear while she was entrusted to his care.

{¶ 3} Following his guilty plea, Weckel underwent three separate psychological evaluations as part of a presentence investigation. Three psychological reports were then prepared and provided to the trial court, as well as a presentence investigation report ("PSI"). After considering those materials and statements made at the sentencing hearing by Weckel, the victim's mother (Weckel's daughter), and counsel, the trial court sentenced Weckel to 54 months in prison on each of the two counts of gross sexual imposition. The trial court then ordered the sentences to be served consecutively for a total prison term of nine years. The trial court also ordered Weckel to register as a Tier II sexual offender.

{¶ 4} After the time to appeal had lapsed, Weckel moved this court for a delayed

appeal from his conviction and sentence, which we granted on November 24, 2015. Thereafter, on February 19, 2016, Weckel moved this court to issue an order directing the trial court to provide him with the complete PSI, as he claims he was only permitted to view certain portions of the report. Specifically, Weckel sought to review the probation department's recommendation and the victim impact statements. Weckel had previously filed a motion with the trial court in an effort to obtain those portions of the PSI; however, the trial court overruled Weckel's motion on February 3, 2016. Weckel renewed his motion to review the complete PSI on February 26, 2016, and also requested this court to supplement the record to include any and all psychological reports considered by the trial court in fashioning his sentence.

{¶ 5} On May 21, 2016, we issued a decision granting Weckel's motion to supplement the record to include any and all psychological reports that were considered by the trial court. However, we overruled Weckel's motion to review the probation department's recommendation and victim impact statements on grounds that relevant statutes require those documents to be kept confidential, and because this court is not in the position to know if the trial court permitted counsel to view that information.[1] *See* R.C. 2951.03; R.C. 2930.13; R.C. 2947.051.

{¶ 6} In arguing the merits of his appeal, Weckel filed an appellate brief that raises two assignments of error challenging his sentence. For purposes of clarity and convenience, we will address his assignments of error together. They are as follows:

---

[1] In our decision, we noted that when Weckel's appeal is reviewed on its merits, the panel *may* reconsider Weckel's motion requesting the probation recommendation and victim impact statements. However, upon review, we find it unnecessary to reconsider our prior decision and will proceed to review Weckel's two assignments of error.

I.      THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY IMPOSING A SENTENCE THAT WAS NOT SUPPORTED BY THE RECORD HEREIN AND IS THUS REVERSIBLE.

II.     THE TRIAL COURT IMPOSED CONSECUTIVE, NEAR-MAXIMUM SENTENCES WHICH WERE DISPROPORTIONATE TO THE SERIOUSNESS OF THE OFFENDER'S CONDUCT AND TO THE DANGER THE OFFENDER POSES TO THE PUBLIC.

{¶ 7} Under the foregoing assignments of error, Weckel contends the trial court erred in imposing consecutive, near-maximum prison sentences.   Specifically, Weckel contends that while the trial court made the required findings under R.C. 2929.14(C)(4) for imposing consecutive sentences, the trial court's findings are not supported by the record.   Weckel also contends that the trial court merely recited the "talismanic language" of R.C. 2929.11 and R.C. 2929.12 without actually abiding by the overriding purposes of felony sentencing in R.C. 2929.11 or properly balancing the seriousness and recidivism factors in R.C. 2929.12.   We disagree with Weckel's claims.

{¶ 8} The Supreme Court of Ohio recently held that an appellate court must apply the standard of review set forth in R.C. 2953.08(G)(2) when reviewing felony sentences. *State v. Marcum*, Ohio Sup. Ct. Slip Opinion No. 2016-Ohio-1002.   *Accord State v. Rodeffer*, 2013-Ohio-5759, 5 N.E.3d 1069 (2d Dist.).   Under R.C. 2953.08(G)(2), "an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law."   *Id.* at ¶ 1.

{¶ 9} Specifically, R.C. 2953.08(G)(2) provides that:

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶ 10} We note that " 'the "clear and convincing" standard used by R.C. 2953.08(G)(2) is written in the negative.  It does not say that the trial judge must have clear and convincing evidence to support its findings.  Instead, it is the court of appeals that must clearly and convincingly find that the record does not support the court's findings.' " *State v. Salyer*, 2d Dist. Champaign No. 2013-CA-60, 2015-Ohio-2431, ¶ 21, quoting *State v. Venes*, 2013-Ohio-1891, 992 N.E.2d 453, ¶ 21 (8th Dist.).  Therefore, "[i]t is a very deferential standard of review, prohibiting appellate courts from substituting their judgment for that of trial judges."  *State v. Withrow*, 2016-Ohio-2884, ___ N.E.3d ___, ¶ 38 (2d Dist.), citing *Rodeffer* at ¶ 31.  (Other citation omitted.)

{¶ 11} "On appeals involving the imposition of consecutive sentences, R.C. 2953.08(G)(2)(a) directs the appellate court 'to review the record, including the findings underlying the sentence' and to modify or vacate the sentence 'if it clearly and

convincingly finds * * * [t]hat the record does not support the sentencing court's findings under [R.C. 2929.14(C)(4)].' " *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 28. Pursuant to R.C. 2929.14(C)(4), a trial court may impose consecutive sentences if it determines that: (1) consecutive service is necessary to protect the public from future crime or to punish the offender; (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) one or more of the following three findings are satisfied.

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4)(a)-(c).

{¶ 12} " '[A] trial court is required to make the findings mandated by R.C.

2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings.' " *State v. Bittner*, 2d Dist. Clark No. 2013-CA-116, 2014-Ohio-3433, ¶ 11, quoting *Bonnell* at syllabus. "[W]here a trial court properly makes the findings mandated by R.C. 2929.14(C)(4), an appellate court may not reverse the trial court's imposition of consecutive sentences unless it first clearly and convincingly finds that the record does not support the trial court's findings." *Withrow* at ¶ 38. Again, "the question is not whether the trial court had clear and convincing evidence to support its findings, but rather, whether we clearly and convincingly find that the record fails to support the trial court's findings." *Id.* In applying that standard of review, "the consecutive nature of the trial court's sentencing should stand unless the record overwhelmingly supports a contrary result." (Citation omitted.) *Id.* at ¶ 39.

{¶ 13} In this case, Weckel concedes, and we agree, that the trial court made all the necessary findings for imposing consecutive sentences under R.C. 2929.14(C)(4). Specifically, the court stated that:

> The Court has decided that Defendant shall serve the prison terms consecutively pursuant to Ohio Revised Code section 2929.14(C)(4) because the Court finds that the consecutive service is necessary to protect the public from future crime or to punish the Defendant; and that consecutive sentences are not disproportionate to the seriousness of Defendant's conduct and to the danger that the Defendant poses to the public.
>
> And the Court also finds the following: At least two (2) of the

multiple offense were committed as part of one or more courses of conduct and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of Defendant's conduct.

Sentencing Hearing Trans. (Mar. 19, 2015), p. 47-48.

{¶ 14} Nevertheless, Weckel argues that the record does not support these findings. Weckel specifically contends that the record does not support a finding that consecutive sentences are necessary to protect the public from future crime or to punish him and are not disproportionate to the seriousness of his conduct and the danger that he poses to the public. In support of this claim, Weckel largely relies on the fact that he is 65 years old with no prior criminal history. Weckel also points to the psychological reports conducted as part of the presentence investigation, which indicate that he fell in a low-risk-to-reoffend category.

{¶ 15} Weckel is correct in that all three psychological reports indicate that his test results show that he presents a low risk to reoffend. However, in the reports, the examiners discussed concern with the fact that Weckel lacked insight into his offense-related behavior, rationalized and minimized the severity of his offenses, was highly defensive, denied the presence of any sexual urges, and attempted to present an overly favorable view of himself. For instance, one examiner specifically stated that while Weckel's testing "indicated a low risk for sexual recidivism, the aforementioned urges and absences of insight must be addressed in treatment before Mr. Weckel can be considered to [be] at low-risk." Another examiner opined that while Weckel scored in the low risk

category, "due to the differences in the alleged victim's statements and Mr. Weckel's reporting of events, it would seem that further inquiry would be recommended." In addition, two examiners specifically opined that Weckel's test results indicate that he has attributes, behaviors, and sexual attitudes that are similar to those of known sex offenders. Another examiner opined "with reasonable psychological certainty that Mr. Weckel is not likely to significantly benefit from individual psychological treatments" and that he is a "poor candidate for treatment."

{¶ 16} Furthermore, regardless of Weckel's claim otherwise, we do not clearly and convincingly find that the record does not support the trial court's consecutive-sentence findings. The record indicates that Weckel committed sexual offenses against his five-year-old granddaughter who was entrusted to his care. The PSI indicates that the victim not only reported that Weckel engaged in the charged conduct of touching her vagina, but also that Weckel made her touch or "kiss" his genitals, which Weckel denied doing. It is well established that such uncharged conduct found in a PSI may be taken into consideration at sentencing. *State v. Bowser*, 186 Ohio App.3d 162, 2010-Ohio-951, 926 N.E.2d 714, ¶ 15 (2d Dist.).

{¶ 17} With respect to concerns of Weckel reoffending, Weckel's comments to the examiners indicate that he, to some extent, perceives himself as the victim. More specifically, he complained about the way the victim's mother was raising her children without boundaries and stated that the victim was "too curious" and would walk in on him while he was using the bathroom or taking a shower. One of the psychological examiners noted that the victim's grandmother, Weckel's wife, echoed Weckel's account of the offense-related behavior as being a "split second mistake" and that the victim likely

saw Weckel's genitals because she would "barge in" on him in the bathroom. The same examiner opined that the grandmother's decision to continue to provide in-home care to other grandchildren despite the repeated nature of Weckel's offense-related behavior suggests that the family as a whole is in significant denial about the nature and severity of Weckel's actions, and that such a family dynamic is not conducive to behavioral change.

{¶ 18} The record also displays inconsistencies in Weckel's statements. He admitted to the investigating detective that that he had touched the victim's vagina, at least in part, for his own sexual gratification and that his sexual desires were a weakness of his. However, despite this admission, Weckel later denied any sexual urges or fantasies involving children during his psychological evaluations. It is also troubling that Weckel described his actions as a one-time occurrence, yet admitted to engaging in the offense-related behavior on more than one occasion.

{¶ 19} The victim's mother indicated at the sentencing hearing that both she and the victim felt very hurt and betrayed by Weckel's actions. According to the victim's mother, the victim is going through counseling to help her cope with what has happened, but she does not believe that counseling will help if Weckel is not honest about what he did. Besides feeling hurt and betrayed, the record indicates that the five-year-old victim is also coping with the fact that her grandmother and other members of her family do not believe the full extent of her claims against Weckel. Accordingly, Weckel's actions have not only caused mental and emotional harm to the victim and the victim's mother, but also discord among his now divided family.

{¶ 20} Although the trial court is not required to state the reasons behind its

consecutive-sentence findings, during the sentencing hearing and in the sentencing entry, the trial court gave some insight into its findings by stating the following:

> The Defendant is convicted of two counts of Gross Sexual Imposition, from two incidences in which the victim, being a five (5) year old girl, was entrusted to his care. The Defendant's minimization of his behavior, while having admitted during the police interview that a percentage of his actions were for his sexual gratification combined with displaying aspects of grooming the victim, caused great concern that the Defendant's behavior would have continued had the victim not reported the incidences.

Sentencing Hearing Trans. (Mar. 19, 2015), p. 48.

{¶ 21} For the foregoing reasons, we do not clearly and convincingly find that the record does not support the trial court's consecutive-sentence findings, as the record does not overwhelmingly support a contrary result.

{¶ 22} With regard to the trial court's decision to impose near-maximum prison sentences for each of Weckel's offenses, we note that "[t]he trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give reasons for imposing maximum or more than minimum sentences." (Citation omitted.) *State v. Nelson*, 2d Dist. Montgomery No. 25026, 2012-Ohio-5797, ¶ 62. *Accord State v. Terrel*, 2d Dist. Miami No. 2014-CA-24, 2015-Ohio-4201, ¶ 14. "However, in exercising its discretion, a trial court must consider the statutory policies that apply to every felony offense, including those set out in R.C. 2929.11 and R.C. 2929.12." *State v. Castle*, 2d Dist. Clark No. 2016-CA-16, 2016-Ohio-4974, ¶ 26, citing *State v. Leopard*, 194 Ohio App.3d 500, 2011-Ohio-3864, 957 N.E.2d 55, ¶ 11 (2d

Dist.). (Other citation omitted.)

{¶ 23} Here, the prison sentences imposed by the trial court were within the authorized statutory range and the trial court stated at the sentencing hearing and in its sentencing entry that it had considered the principles and purposes of sentencing in R.C. 2929.11 and had balanced the seriousness and recidivism factors in R.C. 2929.12. Again, pursuant to R.C. 2953.08(G), our review in sentencing is extremely deferential. In *Marcum*, the Supreme Court commented that:

> [S]ome sentences do not require the findings that R.C. 2953.08(G) specifically addresses. Nevertheless, it is fully consistent for appellate courts to review those sentences that are imposed solely after consideration of the factors in R.C. 2929.11 and 2929.12 under a standard that is equally deferential to the sentencing court. That is, an appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence.

*Marcum*, Ohio Sup. Ct. Slip Opinion No. 2016-Ohio-1002 at ¶ 23.

{¶ 24} In view of the deference we must give to the court pursuant to R.C. 2953.08(G), and based on the previously discussed information in the record, we cannot say that the trial court erred in imposing near-maximum prison sentences, as we do not find by clear and convincing evidence that the record does not support the sentences imposed.

{¶ 25} Weckel's assignments of error are overruled and the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

HALL, J., concurs.

DONOVAN, P.J., concurs in judgment only.

Copies mailed to:

Elizabeth Ellis
J. Allen Wilmes
Hon. Michael A. Buckwalter