[Cite as *State v. Johnson*, 2014-Ohio-1160.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2014-G-3179** |
| CINSEREE JOHNSON, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Geauga County Court of Common Pleas.
Case No. 12 C 000142.

Judgment: Appeal dismissed.

*James R. Flaiz*, Geauga County Prosecutor, and *Nicholas A. Burling*, Assistant Prosecutor, Courthouse Annex, 231 Main Street, Suite 3A, Chardon, OH 44024 (For Plaintiff-Appellee).

*Cinseree Johnson*, pro se, P.O. Box 20244, Cleveland, OH 44120 (Defendant-Appellant).

DIANE V. GRENDELL, J.

{¶1} This matter is before this court on the pro se motion of appellant, Cinseree Johnson, for leave to file a delayed appeal pursuant to App.R. 5(A). Along with her motion, appellant filed her notice of appeal on January 17, 2014. Appellant is requesting leave to appeal the trial court's November 4, 2013 order which overruled, in part, appellant's motion to suppress evidence. Appellant's notice of appeal was therefore filed over one month past the filing deadline in App.R. 4(A).

{¶2} On January 24, 2014, appellee, the state of Ohio, filed a response in opposition to appellant's motion for leave and a motion to dismiss the appeal. Appellant filed a motion for extension of time to object to the motion to dismiss, which this court granted. However, appellant has not filed any response in opposition. Because we find that the appealed judgment is not a final, appealable order, appellee's motion to dismiss is granted and appellant's motion for leave is overruled as moot.

{¶3} Pursuant to R.C. 2953.02, a court of appeals only possesses jurisdiction to hear an appeal from a criminal case if the appeal is from a "judgment or final order." Applying this statute, the Ohio Supreme Court has held that "there must be a sentence which constitutes a judgment *or* a final order which amounts 'to a disposition of the cause' before there is a basis for appeal." *State v. Chamberlain*, 177 Ohio St. 104, 106-107 (1964), quoting *State v. Bevacqua*, 147 Ohio St. 20, 22 (1946) (emphasis added).

{¶4} Final orders are defined in R.C. 2505.02(B), in pertinent part, as one of the following:

> (1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
>
> (2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
>
> (3) An order that vacates or sets aside a judgment or grants a new trial;
>
> (4) An order that grants or denies a provisional remedy and to which both of the following apply:
>
> (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶5} Appellant has been indicted on theft charges but not yet convicted, thus the trial court has not issued a judgment of sentence. Further, the order is not "final" pursuant to R.C. 2505.02(B). The trial court has merely issued a pretrial order on appellant's pro se motion to suppress evidence, which does not amount to a disposition of the cause. Accordingly, appellant's notice of appeal is premature. *Accord State v. Moore*, 11th Dist. Ashtabula No. 2011-A-0061, 2011-Ohio-5713.

{¶6} Appellee's motion to dismiss is granted, and this appeal is hereby dismissed for lack of a final, appealable order. Appellant's motion for leave to file a delayed appeal is overruled as moot.

{¶7} Appeal dismissed.


CYNTHIA WESTCOTT RICE, J.,

THOMAS R. WRIGHT, J.,

concur.