[Cite as *State v. Collins*, 2014-Ohio-2443.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                               :

    Plaintiff-Appellee                    :           C.A. CASE NO.    25874

v.                                          :           T.C. NO.    12CR1370

BRYAN J. COLLINS                            :           (Criminal appeal from
                                               Common Pleas Court)

    Defendant-Appellant                   :

                                            :

. . . . . . . . . .

**O P I N I O N**

Rendered on the ____6th____ day of ____June____, 2014.

. . . . . . . . . .

MICHELE D. PHIPPS, Atty. Reg. No. 0069829, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

RICHARD L. KAPLAN, Atty. Reg. No. 0029406, Suite 202, 683 Miamisburg-Centerville Road, Dayton, Ohio 45459
    Attorney for Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

{¶ 1}    Defendant-appellant Bryan J. Collins appeals his conviction and sentence for

one count of unlawful sexual conduct with a minor, in violation of R.C. 2907.04(A), a felony of the third degree. Collins filed a timely notice of appeal with this Court on August 23, 2013.

{¶ 2} The events which form the basis for the instant appeal occurred on the evening of August 14, 2011. The victim, D.S., was thirteen years old at the time of the offense. D.S. secretly left her parents' house with plans to visit M.C.'s house in order to drink alcohol. M.C. is the daughter of Collins, and it was his house where D.S. was planning on going that night. After leaving, D.S. met M.H., a fourteen year old male, as she walked through a church field near her home, M.H. agreed to go drink with her. Collins, accompanied by M.C. , picked up D.S. and M.H., and they stopped at a local drive-thru and purchased alcohol and cigarettes. After leaving the drive-thru, Collins drove to his residence with the juveniles.

{¶ 3} Once at Collins' residence, D.S. began drinking alcohol. D.S. specifically testified that Collins offered her a Xanax pill, and she ingested it. Collins also offered D.S. a half-full open can of alcohol, which she drank. D.S. testified that after taking the pill and drinking alcohol, she felt "lit" and "kind of buzzy." Later in the evening, D.S. received word that Collins wanted to talk to her in the living room. When D.S. entered the living room, she observed Collins sitting alone on an L-shaped couch. D.S. sat down next to Collins on the couch. Without saying anything, Collins grabbed D.S.'s feet and swung her legs onto the couch. D.S. testified that Collins then removed her jeans and panties. Collins pulled a blanket over his head and began performing cunnilingus on D.S. D.S. testified that she said "please stop, no," but Collins continued. D.S. further testified that during the

sexual assault, she could feel things and understood what was happening, but her body felt too heavy to move.

{¶ 4} Collins finally stopped when M.H. entered the room. M.H. testified that when he called D.S.'s name, Collins came out from under the blanket and acted as if nothing happened. M.H. helped D.S. off of the couch and took her into the garage where others were drinking and listening to music. Eventually, D.S. went to M.C.'s bedroom and fell asleep on her bed.

{¶ 5} D.S. testified that she woke up at approximately five a.m. on August 15, 2011. D.S. woke up M.H., and the two left Collins' residence and began walking down Johnsville-Brookville Road. After about thirty minutes, a police officer arrived, picked up M.H., and took him home. The police officer returned for D.S. shortly thereafter. D.S. informed the police officer that she had been drinking alcohol the night before at Collins' residence. The police officer took D.S. back to Collins residence. D.S. told the officer that Collins had provided her with alcohol while she was there. D.S. did not reveal that she had been sexually assaulted at that time because she was disgusted with herself and ashamed.

{¶ 6} Several months later, D.S. came forward and told Liz Staley, her school guidance counselor, that she had been assaulted by Collins. In March of 2012, the police were informed of the sexual assault. The police initiated an investigation, and D.S. was interviewed at Care House.

{¶ 7} Collins was indicted by a Montgomery County grand jury on June 14, 2012. At his arraignment on June 19, 2012, Collins stood mute, and the trial court entered a plea of not guilty on his behalf. On January 14, 2013, Collins pled no contest to one count of

unlawful sexual conduct with a minor, and the trial court found him guilty. However, prior to sentencing, Collins moved to vacate his plea on February 20, 2013. On March 8, 2013, the trial court granted Collins' motion to vacate his no contest plea.

{¶ 8} A jury trial was held on July 30 and July 31, 2013, and the jury returned a verdict of guilty as charged. At his sentencing hearing on August 8, 2013, the trial court ordered Collins to serve five years in prison. The trial court also designated Collins a Tier II sex offender/child victim offender.

{¶ 9} It is from this judgment that Collins now appeals.

{¶ 10} Collins' first assignment of error is as follows:

{¶ 11} "THE TRIAL COURT ABUSED ITS DISCRETION BY SENTENCING BRYAN COLLINS TO THE MAXIMUM SENTENCE OF FIVE YEARS."

{¶ 12} In his first assignment, Collins contends that the trial court erred when it sentenced him to the maximum sentence of five years in prison after being convicted of unlawful sexual conduct with a minor, felony of the third degree.

{¶ 13} Initially, we note that pursuant to R.C. 2907.04(B), unlawful sexual conduct with a minor is a felony of the third degree when the offender is more than ten years older than the victim. R.C. 2907.04(B)(3). Pursuant to R.C. 2929.14(A)(3)(a), the basic prison term for a felony of the third degree *shall* be twelve, eighteen, twenty-four, thirty, thirty-six, forty-two, forty-eight, fifty-four, or sixty months.

{¶ 14} "The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.11(A).

{¶ 15} "[I]n *State v. Barker,* Montgomery App. No. 22779, 2009-Ohio-3511, at ¶

36-37, we stated:

> "'The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum, consecutive, or more than the minimum sentences. *State v. Foster*, 109 Ohio St.3d 1, * * * 2006-Ohio-856, at paragraph 7 of the syllabus. Nevertheless, in exercising its discretion the trial court must consider the statutory policies that apply to every felony offense, including those set out in R.C. 2929.11 and 2929.12. *State v. Mathis*, 109 Ohio St.3d 54, * * * 2006-Ohio-855, at ¶ 37.'" *State v. Ulrich*, 2d Dist. Montgomery No. 23737, 2011-Ohio-758, at ¶ 20-21. "[E]ven if there is no specific mention of [R.C. 2929.11 and R.C. 2929.12], 'it is presumed that the trial court gave proper consideration to those statutes.'" *State v. Hall*, 2d Dist. Clark No. 10-CA-23, 2011-Ohio-635, ¶ 51.

> "'When reviewing felony sentences, an appellate court must first determine whether the sentencing court complied with all applicable rules and statutes in imposing the sentence, including R.C. 2929.11 and 2929.12, in order to find whether the sentence is contrary to law. *State v. Kalish*, 120 Ohio St.3d 23, * * * , 2008-Ohio-4912. If the sentence is not clearly and convincingly contrary to law, the trial court's decision in imposing the term of imprisonment must be reviewed under an abuse of discretion standard. Id.'" *Ulrich*, at ¶ 22.

*State v. Bailey*, 2d Dist. Clark No. 2011-CA-40, 2012-Ohio-1569, ¶s 12-14.

{¶ 16} "'The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences.' *State v. Nelson*, 2d Dist. Montgomery No. 25026, 2012-Ohio-5797, ¶ 62. 'However, the trial court must comply with all applicable rules and statutes, including R.C. 2929.11 and R.C. 2929.12.' *Id.*" *State v. Eicholtz*, 2d Dist. Clark No. 2012 CA 7, 2013-Ohio-302, ¶ 53.

{¶ 17} "'[I]n the felony sentencing context, "[a]n abuse of discretion can be found if the sentencing court unreasonably or arbitrarily weighs the factors in R.C. 2929.11 and 2929.12."' *State v. Jordan*, Columbiana App. No. 09 CO 31, 2010-Ohio-3456, ¶ 12 (internal citation omitted)." *State v. Saunders*, 2d Dist. Greene No. 2009 CA 82, 2011-Ohio-391, at ¶ 15.

{¶ 18} As the Supreme Court of Ohio determined:

"Abuse of discretion" has been defined as an attitude that is unreasonable, arbitrary or unconscionable. (Internal citation omitted). It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary.

A decision is unreasonable if there is no sound reasoning process that would support that decision. It is not enough that the reviewing court, were it deciding the issue *de novo*, would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result. *AAAA Enterprises, Inc. v. River Place Community Redevelopment*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

{¶ 19} Pursuant to R.C. 2929.14(A)(1), Collins' sentence, while the maximum penalty, was clearly within the statutory range and thus, not contrary to law. Furthermore, in determining Collins' sentence, the trial court indicated that it considered the purposes and principles of felony sentencing. Although not mentioned in Collins' judgment entry of conviction, we note that the trial court specifically referenced the seriousness and recidivism factors during the sentencing hearing. We have held, however, that "[a] trial court is not required to state that it considered R.C. 2929.11 and R.C. 2929.12. Unless the sentence is contrary to law, a trial court is presumed to have considered them." *State v. Neff*, 2d Dist. Clark No. 2012-CA-31, 2012-Ohio-6047.

{¶ 20} We further conclude that an abuse of discretion is not demonstrated. We note that although Collins asserts that the trial court abused its discretion when it sentenced him to the maximum of five years in prison, he fails to provide any support for this assertion in his brief. Rather, Collins merely argues that he is a first time offender who should receive the minimum sentence. Collins also points out that he had been consuming alcohol on the night of the offense and that D.S. was flirting with him. These factors, Collins argues, constitute sufficient evidence that mandate a lighter sentence, as if D.S., who was thirteen years old at the time, were somehow culpable in the sexual assault perpetrated by Collins. This argument is totally unpersuasive.

{¶ 21} Nevertheless, in imposing the maximum sentence of five years, the trial court stated that it had reviewed Collins' pre-sentence investigation report (PSI). The trial court also noted that it had also considered the parties' sentencing memoranda before reaching a decision regarding Collins' sentence. Additionally, despite this being Collins'

first felony offense as an adult, we note that he has an extensive juvenile record as well as an adult criminal record consisting of twenty-four misdemeanor convictions ranging from disorderly conduct and public intoxication to menacing and contributing to the delinquency of a minor. The State also emphasizes that Collins never took responsibility for his crime even after being convicted. In light of the foregoing, it was clearly within the discretion of the trial court to sentence Collins to the maximum sentence, and the sentence is not contrary to law.[1]

{¶ 22} Collins' first assignment of error is overruled.

{¶ 23} Collins' second and final assignment of error is as follows:

{¶ 24} "THE VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND THE VERDICT WAS TO THE PREJUDICE OF MR. COLLINS."

{¶ 25} In his final assignment, Collins argues that his conviction for unlawful sexual conduct with a minor is not supported by the manifest weight of the evidence.

{¶ 26} "When a conviction is challenged on appeal as being against the weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider witness credibility, and determine whether, in resolving conflicts in the evidence, the trier of fact 'clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.' " *State*

---

[1] In *State v. Rodeffer*, 2d Dist Montgomery No. 25574, 2013-Ohio-5759, we held that we would no longer use an abuse-of-discretion standard in reviewing a sentence in a criminal case, but would apply the standard of review set forth in R.C. 2953.08(G)(2). Since then, opinions from this court have expressed reservations from some judges of this court whether that decision in *Rodeffer* is correct, including this author. *See, e.g., State v. Garcia*, 2d Dist. Greene No. 2013-CA-51, 2014-Ohio-1538, ¶ 9, fn.1. In the case before us, we find no error in the sentence imposed under either standard of review.

*v. Hill*, 2d Dist. Montgomery No. 25172, 2013-Ohio-717, ¶ 8, quoting *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997). "A judgment should be reversed as being against the manifest weight of the evidence 'only in the exceptional case in which the evidence weighs heavily against the conviction.' " *Id.*, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

{¶ 27} The credibility of the witnesses and the weight to be given to their testimony are matters for the trier of facts to resolve. *State v. DeHass*, 10 Ohio St.2d 230, 231, 227 N.E.2d 212 (1967). "Because the factfinder * * * has the opportunity to see and hear the witnesses, the cautious exercise of the discretionary power of a court of appeals to find that a judgment is against the manifest weight of the evidence requires that substantial deference be extended to the factfinder's determinations of credibility. The decision whether, and to what extent, to credit the testimony of particular witnesses is within the peculiar competence of the factfinder, who has seen and heard the witness." *State v. Lawson*, 2d Dist. Montgomery No. 16288, 1997 WL 476684 (Aug. 22, 1997).

{¶ 28} This court will not substitute its judgment for that of the trier of facts on the issue of witness credibility unless it is patently apparent that the trier of fact lost its way in arriving at its verdict. *State v. Bradley*, 2d Dist. Champaign No. 97-CA-03, 1997 WL 691510 (Oct. 24, 1997).

{¶ 29} R.C. 2907.04(A) proscribes unlawful sexual conduct with a minor and provides, "No person who is eighteen years of age or older shall engage in sexual conduct with another, who is not the spouse of the offender, when the offender knows the other person is thirteen years of age or older but less than sixteen years of age, or the offender is

reckless in that regard." "'Sexual conduct' means vaginal intercourse between a male and female, anal intercourse, fellatio, cunnilingus between persons regardless of sex * * * ." R.C. 2907.01(A).

{¶ 30} We initially note that the jurors had the opportunity to hear and observe all of the witnesses, and they clearly believed D.S.'s version of events, and we defer to their assessment of credibility. Specifically, the evidence adduced by the State establishes that Collins removed D.S.'s jeans and underwear and performed cunnilingus on the minor child who asked him to stop at least once. The evidence further establishes that although Collins was aware that she was a minor, he nevertheless provided D.S. with alcohol and Xanax prior to sexually assaulting her.

{¶ 31} Upon review, we conclude that Collins' conviction is not against the manifest weight of the evidence. The credibility of the witnesses and the weight to be given their testimony were matters for the jury to resolve. The jury did not lose its way simply because it chose to believe the testimony of the victim, D.S., who testified at length regarding Collins forcing her to submit to cunnilingus while she lay on the couch in an impaired state, unable to move. Having reviewed the entire record, we cannot clearly find that the evidence weighs heavily against a conviction, or that a manifest miscarriage of justice has occurred.

{¶ 32} Collins' second and final assignment of error is overruled.

{¶ 33} Both of Collins's assignments of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . .

FROELICH, P. J. and HALL, J., concur.

Copies mailed to:

Michele D. Phipps
Richard L. Kaplan
Hon. Steven K. Dankof