[Cite as *State v. Beverly*, 2015-Ohio-4710.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO.   2015-CA-8 |
| | : | |
| v. | : | T.C. NO. 14CR636 |
| | : | |
| ROCKY BEVERLY | : | (Criminal Appeal from |
| | : |  Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

**O P I N I O N**

Rendered on the ___13th__ day of __November__, 2015.

. . . . . . . . . . .

RYAN A. SAUNDERS, Atty. Reg. No. 0091678, Assistant Prosecuting Attorney, 50 E. Columbia Street, Suite 449, Springfield, Ohio 45502
        Attorney for Plaintiff-Appellee

BRYAN K. PENICK, Atty. Reg. No. 0071489, 1900 Kettering Tower, 40 N. Main Street, Dayton, Ohio 45423
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

FROELICH, P.J.

{¶ 1} Rocky Beverly pled guilty in the Clark County Court of Common Pleas to attempted aggravated robbery, a second-degree felony, and escape, a third-degree felony.  His sentence included maximum sentences of eight years and three years in prison, respectively, which the trial court ordered to be served consecutively.   Beverly appeals from his convictions, claiming

that the trial court erred in imposing maximum, consecutive sentences. For the following reasons, the trial court's judgment will be affirmed.

## I. Factual and Procedural Background

{¶ 2} On September 29, 2014, Beverly was indicted on two counts of aggravated robbery and one count of escape. According to the bill of particulars, the aggravated robbery counts stemmed from two separate incidents in Springfield, Ohio: (1) the robbery of a Speedway on June 19, 2014, and (2) the robbery of John's Drive-Thru on July 9, 2014. The escape charge arose out of an incident on August 21, 2014, when two detectives from Clark County went to retrieve Beverly from the Preble County Jail, where Beverly was being held on a warrant out of Clark County. When the detectives escorted Beverly to their vehicle, Beverly "took off running from the detectives." Beverly was apprehended after a foot chase.

{¶ 3} On January 5, 2015, Beverly pled guilty to an amended charge of attempted aggravated robbery (Count I) and to escape (Count III). In exchange for the plea, the State agreed to dismiss the second aggravated robbery charge and Clark C.P. No. 2014 CR 499, in which Beverly was charged in robbery. The parties also agreed that a presentence investigation would be conducted.

{¶ 4} The trial court sentenced Beverly to maximum sentences of eight years for the attempted aggravated robbery and three years for the escape, to be served consecutively, for a total of 11 years in prison. In ordering consecutive sentences, the judgment entry stated:

Upon review of the pre-sentence investigation report, the Court found that at the time of the offense the defendant previously had served six (6) prison terms. Accordingly, the Court found pursuant to Ohio Revised Code Section 2929.14(C)(4) that consecutive sentences (1) are necessary to protect the public

from future crime and to punish the defendant, (2) are not disproportionate to the seriousness of the defendant's conduct and to the danger the defendant poses to the public, and (3) are necessary to protect the public from future crime by the defendant given the defendant's history of criminal conduct.

The trial court further found that Beverly was on post-release control at the time of the offenses. The court terminated Beverly's post-release control and ordered him to serve in prison the time remaining on his post-release control, which was one year, one month, and two days. That time was ordered to be served consecutively to his stated prison term for the new offenses. Beverly was also required to pay restitution of $165.

{¶ 5} Beverly appeals from his convictions, claiming that the trial court erred "when it sentenced Mr. Beverly to consecutive maximum prison terms."

## II. Imposition of Consecutive Sentences

{¶ 6} At the outset, we note that Beverly claims that the trial court erred in imposing maximum and consecutive sentences, but Beverly's arguments do not challenge the individual sentences that he received. Rather, his argument is directed only at whether the record supports the trial court's findings in support of consecutive sentences. Accordingly, we will likewise confine our discussion to whether consecutive sentences are supported by the record.

{¶ 7} "[A] trial court may rely on 'a broad range of information' at sentencing." *State v. Bodkins*, 2d Dist. Clark No. 10-CA-38, 2011-Ohio-1274, ¶ 43, quoting *State v. Bowser*, 186 Ohio App.3d 162, 2010-Ohio-951, 926 N.E.2d 714, ¶ 13 (2d Dist.).

> "The evidence the court may consider is not confined to the evidence that strictly relates to the conviction offense because the court is no longer concerned * * * with the narrow issue of guilt." (Citation omitted.) *Bowser* at ¶ 14. "Among other

things, a court may consider hearsay evidence, prior arrests, facts supporting a charge that resulted in an acquittal, and facts related to a charge that was dismissed under a plea agreement." (Citation omitted.) *Bodkins* at ¶ 43. A court may also consider "allegations of uncharged criminal conduct found in a PSI report[.]" (Citation omitted.) *Bowser* at ¶ 15. *Accord State v. Scheer*, 158 Ohio App.3d 432, 2004-Ohio-4792, 816 N.E.2d 602, ¶ 13 (4th Dist.) (finding that "[a] court may consider a defendant's uncharged yet undisputed conduct when determining an appropriate sentence").

*State v. Clemons*, 2d Dist. Montgomery No. 26038, 2014-Ohio-4248, ¶ 8.

{¶ 8} After determining the sentence for a particular crime, a sentencing judge has discretion to order an offender to serve individual counts of a sentence consecutively. R.C. 2929.14(C)(4) provides:

If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or

more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 9} In *State v. Rodeffer*, 2013-Ohio-5759, 5 N.E.3d 1069 (2d Dist.), we held that we would no longer use an abuse of discretion standard in reviewing a felony sentence, but would apply the standard of review set forth in R.C. 2953.08(G)(2).[1] "On appeals involving the imposition of consecutive sentences, R.C. 2953.08(G)(2)(a) directs the appellate court 'to review the record, including the findings underlying the sentence' and to modify or vacate the sentence 'if it clearly and convincingly finds * * * [t]hat the record does not support the sentencing court's findings under division * * * (C)(4) of section 2929.14 * * * of the Revised Code.'" *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 28.

{¶ 10} Beverly asserts that the record does not support two of the trial court's findings in support of its imposition of consecutive sentences, namely that consecutive sentences were necessary to protect the public and to punish Beverly and that consecutive sentences were not disproportionate to the seriousness of Beverly's conduct and the danger he poses to society. He

---

[1] Since then, several opinions from this court have expressed reservations about whether that decision in *Rodeffer* is correct. *See, e.g., State v. Garcia*, 2d Dist. Greene No. 2013-CA-51, 2014-Ohio-1538, ¶ 9, fn.1; *State v. Dover*, 2d Dist. Clark No. 2013-CA-58, 2014-Ohio-2303, ¶ 23; *State v. Johnson*, 2d Dist. Clark No. 2013-CA-85, 2014-Ohio-2308, ¶ 9, fn.1; *State v. Byrd*, 2d Dist. Montgomery No. 25842, 2014-Ohio-2553, ¶ 44; *State v. Collins*, 2d Dist. Montgomery No. 25874, 2014-Ohio-2443, ¶ 21, fn. 1.

asserts that the circumstances of the underlying offenses were not egregious and did not warrant consecutive sentences; he characterizes his conduct as "non-violent" and "non-threatening." Specifically, he states:

> With respect to the attempted aggravated robbery offense, Mr. Beverly did not threaten any victim. He also asserted he had no weapon on his person and at least one victim believed that to be true. Moreover, just as in [*State v.] Adams*, [2d Dist. Clark No. 2014-Ohio-13, 2014-Ohio-1160,] Mr. Beverly's conduct was a symptom of his severe drug problem. As to the escape offense, Mr. Beverly was in handcuffs being led to the detectives' vehicle when he ran off around a building. He never harmed anyone or threatened harm to anyone. His so-called "escape" could even be characterized as comical because he simply ran around the corner of a building and stood in an alcove before he was easily and readily apprehended.

Beverly asserts that the trial court should not have considered the facts of dismissed charges and that, apart from Beverly's criminal history, there was nothing in the record to support consecutive sentences.

{¶ 11} According to the presentence investigation, Beverly was 47 years old when he committed the attempted aggravated robbery and the escape, and he has an extensive criminal history. Beverly's juvenile record dates back to August 1979, when he was 12 years old. His juvenile record includes adjudications for assault, physical harm, sniffing, theft, truancy, complicity to breaking and entering, escape, criminal trespass, and criminal damaging.

{¶ 12} Beverly also has numerous adult convictions. In April 1985, he was convicted of aggravated burglary, for which he was sentenced to 5 to 25 years in prison. In August 1992, he was convicted of trafficking in marijuana, for which he received a suspended 18-month prison

sentence. In February 1995, he was again convicted of two counts of trafficking in marijuana, and he was sentenced to 3 to 10 years in prison. In addition, his probation in the 1992 case was revoked, and he served 18 months in prison on that charge. Beverly was convicted of resisting arrest in 1998, and in 1999, he was convicted of disorderly conduct and escape; Beverly received jail terms for these three offenses. In December 2003, Beverly was convicted of burglary, and he was sentenced to one year in prison. The next month, January 2004, he was convicted of theft and was sentenced to six months in prison. In March 2005, Beverly was sentenced to eight years in prison for another burglary. Beverly was on post-release control for the last burglary (Clark C.P. No. 2005 CR 263) when the instant offenses occurred.

{¶ 13} Beverly reported that he has had chemical substance problems since he was 17 years old due to his use of alcohol, crack cocaine, and heroin. He reported that he has never received substance abuse treatment. Beverly was homeless when the instant offenses occurred, and he has no source of income.

{¶ 14} Although Beverly characterizes the instant offenses as "non-violent" and "non-threatening," the record reflects that Beverly committed the attempted aggravated robbery of the Speedway by keeping his right hand in his jacket pocket as if he had a weapon while demanding money from the cashier. (See Plea Hearing, p.4; Bill of Particulars.) Beverly denied having a weapon, but he pled guilty to attempting to commit aggravated robbery, a violent felony. The cashier stated in a victim impact statement that this was the fourth time she had been robbed and that the incident scared her at the time; she felt that Beverly should receive "a long sentence in the pen." With respect to the escape charge, the presentence investigation report indicates that this is Beverly's third escape charge; he had a prior escape adjudication as a juvenile and an adult escape conviction in 1999. In this case, Beverly was handcuffed and about to be placed in the Clark

County detectives' vehicle when he broke from their custody and ran.

**{¶ 15}** In short, Beverly has committed numerous prior offenses, including multiple felonies which resulted in six prior prison terms; an additional aggravated robbery charge and a robbery charge in Case No. 2014 CR 499 were dismissed as part of the plea. Beverly committed the Speedway offense and attempted to escape police custody while on post-release control. The record supports the trial court's conclusions that consecutive sentences were necessary to protect the public from future offenses by Beverly and to punish Beverly for the attempted aggravated robbery and the escape. Moreover, although no one was injured as a result of the attempted aggravated robbery and the escape, the record supports the conclusion that consecutive sentences were not disproportionate to the seriousness of his conduct or to the danger he poses to the public.

**{¶ 16}** The assignment of error is overruled.

### III. Conclusion

**{¶ 17}** The trial court's judgment will be affirmed.

. . . . . . . . . . . .

FAIN, J. and HALL, J., concur.

Copies mailed to:

Ryan A. Saunders
Bryan K. Penick
Hon. Douglas M. Rastatter